# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff*, ) | |
| v. ) | No. 04 CR 253-03 |
| ) | |
| RUBEN BEW, ) | Honorable David H. Coar |
| ) | |
| *Defendant*. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Before this Court is a motion to reduce a sentence filed by Ruben Bew ("Bew") pursuant to 18 U.S.C. § 3582(c)(2)(2000). For the reasons set forth below, this motion is DENIED.

## BACKGROUND

On October 18, 2005, Bew pled guilty to Count One of the second superseding indictment. Pursuant to a written plea agreement, Bew admitted that he conspired with others to distribute and possess with the intent to distribute in excess of 500 grams of cocaine, in violation of Title 21, United States Code Section 846.

Bew's sentencing hearing was held on November 8, 2006. After finding Bew accountable for approximately 2.5 to 3 kilograms of powder cocaine, this Court set his base offense level at Level 28. The Court applied a two level enhancement for obstruction of justice and a three level reduction for timely acceptance of responsibility. Bew's total adjusted offense level came to Level 27. The Court declined to treat Bew as

1

a career offender, although he qualified for the status, and placed Bew in criminal history category VI. This resulted in a sentencing range of 130 to 162 months' imprisonment. The Court sentenced defendant to 130 months' imprisonment.

## LEGAL STANDARD

Once a defendant's sentence has been imposed, a court has limited authority to change it after the expiration of the limits set forth in Fed. R. Crim. P. 35. *See United States v. Zingsheim*, 384 F.3d 867, 871 (7th Cir. 2004). Section 3582(c)(2) permits the Court to reduce a previously imposed sentence only when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." Eligibility for a reduction under § 3582(c)(2) is triggered only by amendments designated for retroactive application in U.S.S.G. § 1B1.10(c). U.S.S.G. § 1B1.10 cmt. n. 1. In November 2007, the Sentencing Commission passed Amendment 706, which generally reduced by two levels the offense levels applicable to crack cocaine offenses. Effective March 3, 2008, Amendment 706 (as amended by Amendment 711) was added to the list of retroactively applicable amendments in § 1B1.10(c).

## ANALYSIS

Bew moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706, as modified by Amendment 711, under U.S.S.G § 1B1.10. Amendments 706 and 711 are inapplicable to Bew because his sentence was calculated based on powder cocaine, not crack cocaine.

Although Bew was charged in the second superseding indictment with conspiracy to possess with intent to distribute crack cocaine and cocaine, he only pled guilty to conspiring to possess with intent to distribute at least 3.5 kilograms, but no more than 5 kilograms, of powder cocaine. *See* Bew Plea Agreement ¶ 5, 7(a). The Presentence Investigation Report ("PSR"), however, estimated that Bew was accountable for 2.5 to 3 kilograms of powder cocaine. (PSR 9:299-10:326.) At Bew's sentencing hearing, the Government conceded that factual basis of the plea agreement supported the probation officer's estimate, and the Court sentenced Bew accordingly. (April 26, 2006 Tr. 3:20-4:4.)

The base offense level for an offense involving 2.5 to 3 kilograms of cocaine is level 28. This was adjusted to level 27 after the Court applied an obstruction of justice enhancement and an acceptance of responsibility reduction. Under the 2006 Guidelines, the sentencing range for a level of 27 offense at a criminal history category of VI is 130-162 months. Bew ultimately received 130 months.

Amendments 706 and 711 lower by two points the base offense levels associated with various amounts of crack cocaine. This Court's determination of Petitioner's sentence was calculated on facts involving approximately 2.5 to 3 kilograms of powder cocaine. As such, Bew was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). The Court must deny Bew's motion because a reduction would not be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

## CONCLUSION

For the foregoing reasons, Bew's motion to reduce his sentence is DENIED.

Enter:
/s/ David H. Coar

_____

David H. Coar
United States District Judge

**Dated:** June 28, 2010